# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| RONALD A. DERISE | : | DOCKET NO. 05-1154 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. The matter has been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B).

After a review of the entire administrative record and the briefs filed by the parties, and pursuant to 42 U.S.C. §405(g), the undersigned finds that the Commissioner's decision is supported by substantial evidence in the record and is consistent with relevant legal standards. *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

## BACKGROUND

Ronald A. Derise protectively filed an application for Disability Insurance Benefits on March 7, 2003. (Tr. 40-43, 78). He alleged an inability to work since February 1, 2002, due to loss of vision in the right eye and glaucoma. (Tr. 40, 69). The claim was denied at the initial level of the administrative process. (Tr. 22-26). Thereafter, Derise requested, and received a September 3, 2004, hearing before an Administrative Law Judge ("ALJ"). (Tr. 167-179). However, in an October 28, 2004, written decision, the ALJ determined that Derise was not disabled under the Act, finding at Step Five of the sequential evaluation process that he retained

the residual functional capacity to make an adjustment to work that exists in substantial numbers in the economy. (Tr. 12-17). Derise appealed the adverse decision to the Appeals Council. Yet, on April 22, 2005, the Appeals Council denied Derise's request for review, and thus the ALJ's decision became the final decision of the Commissioner. (Tr. 3-5).

On June 23, 2005, Derise petitioned this court to review the denial of benefits. He alleges the following errors:

(1) the ALJ incorrectly assessed plaintiff's residual functional capacity assessment based on Grid Rule 204.00;

(2) the ALJ improperly relied on Grid Rule 204.00; and

(3) the vocational expert failed to identify specific alternate employment and/or the incidence or number in which alternate employment exists in the national economy.

## STANDARD OF REVIEW

The court's review of the ultimate decision of the Commissioner is limited to determining whether the administrative decision is supported by substantial evidence and whether the decision is free of legal error. *Dellolio v. Heckler*, 705 F.2d 123 (5th Cir. 1993). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying the improper legal standards. *Singletary v. Brown*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401.

When appearing before the ALJ, the plaintiff had the burden of proof to establish a medically determinable physical or mental impairment that prevented him from engaging in any

substantial gainful activity for at least twelve consecutive months. 42 U.S.C. §§423(d)(1)(A) & 1381(a). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen,* 864 F.2d 340, 343-344 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

## LAW AND ANALYSIS

The secretary evaluates disability claims under the Social Security Act through a five-step process: (1) Is the claimant currently working and engaged in substantial gainful activity? (2) Can the impairment or combination of impairments be classified as severe? (3) Does the impairment(s) meet or equal a listed impairment in Appendix 1 of the Secretary's regulations? (If so, disability is automatic.) (4) Does the claimant's residual functional capacity permit him to perform past relevant work? and if not, (5) Can the claimant perform other work? 20 C.F.R. §§ 404.1520, 416.920. When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). The first four steps place the burden upon the claimant. At the fifth step, the burden shifts to the Secretary to establish that the claimant can perform other work. If the Secretary meets this burden, then the claimant must then prove that he cannot in fact perform the work suggested. *See Falco v. Shalala*, 27 F.3d 160 (5th Cir. 1994); *Muse v. Sullivan*, 925 F.2d 785 (5th Cir. 1991).

**Issues 1-3:**

The ALJ found at Step Two of the sequential evaluation process that Derise suffered from the severe impairment of right eye blindness. (Tr. 13-14, 16). However, the ALJ concluded that

3

the impairment was not severe enough to meet or medically equal any one of the impairments listed in the Category of Impairments in Appendix 1 to Subpart P, Social Security Regulations No. 4. *Id.*

The ALJ next determined that Derise retained the residual functional capacity to perform work "at all exertional limitations,"[1] reduced by an inability to perform work requiring close precision, such as precision assembly work. (Tr. 14, 16).

The ALJ concluded at Step Four of the sequential evaluation process that Derise was unable to return to his past relevant work. (Tr. 15-16). Accordingly, he proceeded to Step Five. At this step, the ALJ determined that Derise was an individual closely approaching advanced age, with a limited education, and no transferrable skills. *Id.*[2] Using the medical-vocational guidelines as a framework, the ALJ concluded that Derise was not disabled pursuant to Rule 204.00, Appendix 2, Subpart P, Regulations No. 4. (Tr. 15-16). However, because Derise suffered a potentially significant non-exertional impairment, the ALJ relied on the testimony of a vocational expert ("VE") who opined that given plaintiff's limitation and his age, education, and work history, he could perform nearly a full range of unlimited entry-level type jobs. (Tr. 176-177).

Plaintiff first suggests that the ALJ's use of Grid Rule 204.00 is implausible because if he could perform all physical and skill demands, then he could have performed his past relevant

---

[1] In other words, very heavy, heavy, medium, light, and sedentary work. *See*, 20 C.F.R. § 416.967(e)(if someone can do very heavy work, they can also do heavy, medium, light, and sedentary work). "Very heavy work involves lifting objects weighing more than 100 pounds at a time with frequent lifting or carrying of objects weighing 50 pounds or more." *Id.*

[2] Derise was 50 years old at the time of the decision. (Tr. 170). He has a 9th grade education. (Tr. 170-171).

work. We agree that if plaintiff had no exertional *and* no non-exertional limitations, then he quite clearly would be capable of past relevant work. However, the ALJ found that Derise experienced a non-exertional limitation (right eye blindness) that prohibited him from renewing his CDL license and returning to his past relevant work as a truck driver. (Tr. 15).

Plaintiff next contends that Rule 204.00 is inapplicable because it is reserved for situations where the claimant ordinarily does not have a severe impairment or cannot return to past relevant work. (Pl. Reply Br. pg. 3). Plaintiff misinterprets Rule 204.00. The rule does not state that it is "reserved" for claimants with no severe impairment or those denied at Step Four. If that were true, then the rule would be superfluous. Rather, the rule applies in the infrequent situations where there is a non-exertional limitation that does not significantly affect the range of work existing in the national economy.[3] In any event, the guidelines were only used here as a framework, and the ALJ's decision was premised upon vocational expert testimony. *See*, discussion, *infra*; *Vaughn v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995)(the ALJ may use the guidelines as a framework, as long as he also expressly relies on VE testimony).

Plaintiff argues that to the extent the ALJ relied on vocational expert testimony to find that there were a significant number of jobs in the national economy that he could still perform, the testimony was flawed because the VE did not identify any specific jobs or the incidence of such work in the regional and national economy as required by SSR 85-15. We recognize that where the rights of individuals are affected, an agency must follow its own procedures, even

---

[3] Plaintiff also argues that Rule 204.00 is inapplicable because he has no transferrable skills. However, transfer of skills is not an element of Rule 204.00. Rather, the ability to perform heavy work "represents substantial work capability for jobs in the national economy at all skill and physical demand levels." Rule 204.00.

5

where the procedures are more rigorous than otherwise would be required. *See, Hall v. Schweiker,* 660 F.2d 116, 119 (5th Cir. 1981)(citations omitted). If an agency violates its own rules, with resulting prejudice, then the underlying proceedings are tainted, and any resulting actions cannot stand. *Id.* Here although the vocational expert testimony did not comport with SSR 85-15, plaintiff has not alleged any resulting prejudice.[4]

Finally, plaintiff argues that the ALJ impermissibly relied on the grids as a framework without expressly relying upon vocational expert testimony in the "Findings" portion of his decision. We find no merit to this argument. The ALJ expressly discussed, and relied on the vocational expert's testimony in making his determination. (Tr. 15)("Based on the vocational expert's testimony . . ."). Moreover, there is nothing "vague or confusing" about the ALJ's express reliance upon the vocational expert testimony. *Compare, Scott v. Shalala*, 30 F.3d 33 (5th Cir. 1994); and *Ashworth v. Chater*, No. 96-30207 (5th Cir. 1996)(unpubl.).

For the foregoing reasons, the undersigned finds that the Commissioner's determination that plaintiff was not disabled under the Social Security Act, is supported by substantial evidence and is free of legal error. Accordingly,

IT IS RECOMMENDED that the Commissioner's decision be affirmed and the matter dismissed.

Under the provisions of 28 U.S.C. §636(b)(1)(c), the parties have ten (10) business days

---

[4] Plaintiff cites several cases to support his argument that the ALJ's failure to comply with SSR 85-15 automatically compels reversal. *Latham v. Shalala*, 36 F.3d 482 (5th Cir. 1994); *Thompson v. Sullivan*, 987 F.2d 1482 (10th Cir. 1993); *Millet v. Schweiker*, 662 F.2d 1199 (5th Cir. 1981); and *Rode v. Secretary of Health & Human Services*, C. A. No. 89-2570 (W.D. La. 05/90). However, the cases are inapposite. They were either decided at Step Four, did not have a VE at all, or the claimant had non-exertional impairments that more than slightly affected the range of potential work.

6

from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on July 11, 2006.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE